Dismissed and Memorandum Opinion filed August 19, 2004









Dismissed and Memorandum Opinion filed August 19,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00733-CR

____________

 

MARK ANTHONY
BROWN, Appellant

 

V.

 

THE STATE OF
TEXAS, Appellee

 



 

On Appeal from the
179th District Court

Harris County,
Texas

Trial Court Cause No. 977,366

 



 

M E M O R A N D U M   O P I N I O N

Appellant entered a guilty plea to attempted indecency with a
child.  In accordance with the terms of a
plea bargain agreement with the State, on May 5, 2004, the trial court
sentenced appellant to confinement for twelve months in the State Jail Division
of the Texas Department of Criminal Justice. 
Appellant filed an untimely pro se notice of appeal on July 26, 2004.  We dismiss the appeal for want of
jurisdiction.








A defendant=s notice of appeal must be filed within thirty days after
sentence is imposed when the defendant has not filed a motion for new
trial.  See Tex. R. App. P. 26.2(a)(1).  A notice of appeal which complies with the
requirements of Rule 26 is essential to vest the court of appeals with
jurisdiction.  Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 
If an appeal is not timely perfected, a court of appeals does not obtain
jurisdiction to address the merits of the appeal.  Under those circumstances it can take no
action other than to dismiss the appeal. 
Id.

In addition, the trial court entered a certification of the
defendant=s right to appeal in which the court
certified that this is a plea bargain case, and the defendant has no right of
appeal.  See Tex. R. App. P. 25.2(a)(2).  The trial court=s certification is included in the
record on appeal.  See Tex. R. App. P. 25.2(d).

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed August 19, 2004.

Panel consists of Chief Justice
Hedges and Justices Fowler and Seymore. 

Do Not Publish C Tex. R. App. P. 47.2(b).